937 F.2d 624
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Minnie WEBER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3061.
 United States Court of Appeals, Federal Circuit.
 June 27, 1991.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Minnie Weber appeals the decision of the Merit Systems Protection Board, Docket No. AT08319010446 (July 12, 1990), that she was not entitled to a survivor annuity for failure to apply before the statutory deadline, which became final with the order of October 15, 1990 denying her petition for review under 5 C.F.R. Sec. 1201.115. We affirm.
 
 DISCUSSION
 
 2
 Petitioner seeks a survivor annuity under the Civil Service Retirement Spouse Equity Act of 1984. 5 U.S.C. Sec. 8341 (1988). Under this statute, a former spouse of a federal employee who retired before May 7, 1985, may be entitled to a survivor annuity provided that the former spouse applied for the annuity before May 7, 1989. See 5 C.F.R. Sec. 831.622, as amended by 55 Fed.Reg. 9,10 3 (1990).
 
 
 3
 The facts of this appeal are not in dispute, and the only question before this court is whether petitioner is entitled to benefits under the Act despite filing her application on September 30, 1989--approximately five months after the statutory deadline. The government concedes that petitioner has met four of the five criteria of the Act's eligibility requirements, but argues that her appeal must fail because petitioner "did not file [the original] application for benefits on or before May 7, 1989." Govt.Br. at 6-7. The Administrative Judge agreed, noting that
 
 
 4
 [t]he filing deadline is set by statute. [Petitioner's] failure to meet the statutory requirements for entitlement precludes an award of benefits no matter how strong the equities of her claim.
 
 
 5
 Slip op. at 2-3.
 
 
 6
 Before this court, the government, much like the Administrative Judge's opinion, interprets petitioner's position as being based on equitable estoppel. Petitioner, however, does not attempt to attribute responsibility for her failure to meet the deadline to actions by the government; on the contrary, she contends that medical problems arising from her fall on March 2, 1989 caused her delay. Properly viewed, then, her request instead seeks a tolling of the statutorily imposed period.
 
 
 7
 If the provision imposing the May 7, 1989 deadline represented a statute of limitations for a pre-existing right, it might be subject to the equitable defense of tolling. However, the deadline is plainly a precondition for eligibility.[1] No right to payment comes into being until the deadline is met; thus the doctrine of equitable tolling is not implicated. But, when Congress explicitly makes meeting a deadline a precondition of eligibility, this court cannot excuse the petitioner from satisfying that requirement. Schweiker v. Hansen, 450 U.S. 785, 788 (1981) ("the duty of all courts [is] to observe the conditions defined by Congress for charging the public treasury") (citing Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 385 (1947)).
 
 
 8
 As both the government and the Administrative Judge recognized, this rule may at times lead to harsh results, but, in light of the entitling statute's explicit eligibility requirement, petitioner's recourse properly lies in Congress and not with the courts.
 
 
 
 [1]
 The relevant subsection of the Act explicitly states that a former spouse is eligible for a survivor annuity only, inter alia, "if ... the former spouse files an application for the survivor annuity [with the Office of Personnel Management] on or before May 7, 1989." Section 4 of Pub.L. No. 98-615, as amended by Pub.L. No. 99-251, Title II, Sec. 201(a) to (c), Feb. 27, 1986, 100 Stat. 20-23 (1986) (codified at 5 U.S.C. Sec. 8341 note (1988))